**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LESTER KAUFFMAN, as Trustee** | : | **CIVIL ACTION NO. 1:11-CV-1745** |
| **of the Union Trowel Trades Benefit** | : | |
| **Funds of Central Pennsylvania;** | : | **(Judge Conner)** |
| **JAMES BOLAND, as Trustee of** | : | |
| **Bricklayers and Trowel Trades** | : | |
| **International Pension Fund and** | : | |
| **International Masonry Institute;** | : | |
| **THOMAS B. GEORGE, JR., as Trustee** | : | |
| **of the PA Local 47 Bricklayers and** | : | |
| **Allied Craftsmen Pension Plan,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STRUC-TITE RESTORATION, INC.,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 3rd day of January, 2012, upon consideration of plaintiffs'

motion (Doc. 6) for default judgment, and upon further consideration of the

affidavits attached thereto, and it appearing that the summons and complaint were

served on defendant by process server on September 28, 2011, (Doc. 3), but that, as

of the date of this order, defendant has not pled, see FED. R. CIV. P. 12 (stating that

"[a] defendant must serve an answer . . . within 21 days after being served with the

summons and complaint"), or otherwise defended itself in the above-captioned

case, and it further appearing that the clerk of court entered default in the above-

captioned case on October 27, 2011, (Doc. 5), and the court finding that entry of

default judgment is appropriate,[1] and that, based on the record, plaintiff has proven

damages with sufficient certainty and that no further inquiry is necessary, see Fed.

R. Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings" as necessary

to "determine the amount of damages"); see also Rhino Assocs. L.P. v. Berg Mfg. &

Sales Corp., 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007) (holding that a hearing was

unnecessary when the evidence on fees and damages was not opposed and

unambiguous), and the court noting that "a default judgment must not differ in

kind from, or *exceed in amount*, what is demanded in the pleadings"[2] see Fed. R.

Civ. P. 54(c) (emphasis added), it is hereby ORDERED that:

---

[1] When a defendant fails to appear, district courts may "enter a default judgment based solely on the fact that the default has occurred." Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990). "As a consequence of entry of default judgment, the factual allegations of the complaint, except those relating to the amount of damages [are] taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). The allegations of plaintiffs' complaint, taken as true, are sufficient to prove a violation of section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"). See 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Plaintiffs' complaint sufficiently alleges that defendant was obligated to make timely contributions to the Union Trowel Trades Benefit Funds of Central Pennsylvania, the Bricklayers and Trowel Trades International Pension Fund, and the International Masonry Institute (collectively, the "funds") pursuant to their collective bargaining agreement, but failed to do so for the months of March, April, and May, June, July, and August, 2011. (See Doc. 1).

[2] Plaintiffs request $1,260.00 as reasonable attorney's fees in their motion for entry of default judgment, but demanded only $420.00 as reasonable attorney's fees in the complaint. (Compare Doc. 1, at 6 with Doc. 6, at 2). Pursuant to Rule 54(c) of the Federal Rules of Civil Procedure, the court will only award $420.00 in attorney's fees.

1.      The motion (Doc. 6) is GRANTED.

2.      The Clerk of Court is directed to enter JUDGMENT in favor of
        plaintiffs and against defendant, in the following amounts:

        a.      $9,321.93 in damages; and

        b.      $420.00 in attorney's fees; and

        c.      $537.50 in costs.

3.      The Clerk of Court is directed to CLOSE this case.


                                    S/ Christopher C. Conner
                                    CHRISTOPHER C. CONNER
                                    United States District Judge